NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 29 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARGARITA CALMO-JERONIMO; NOEL YAIR CALMO-CALMO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-4242 <br><br> Agency Nos. <br> A220-684-159 <br> A220-939-574 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2024**
San Francisco, California

Before: CLIFTON, SUNG, and SANCHEZ, Circuit Judges.

Margarita Calmo-Jeronimo and her son Noel Yair Calmo-Calmo, natives

and citizens of Guatemala, petition for review of the Board of Immigration

Appeals' ("BIA") dismissal of their appeals of an Immigration Judge's ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

When the BIA adopts the IJ's decision citing *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "and also adds its own comments, as it did here, we review the decisions of both the BIA and the IJ." *Gonzaga-Ortega v. Holder*, 736 F.3d 795, 800 (9th Cir. 2013). "We review for substantial evidence factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under substantial evidence review, the petitioner "must show that the evidence not only supports, but compels the conclusion that these findings and decisions are erroneous." *Id.* (internal quotation marks omitted).

1.      Petitioner waived review of the denial of asylum and withholding of removal by failing to challenge dispositive conclusions. "We review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994). "Arguments made in passing and not supported by citations to the record" are generally deemed waived. *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010).

To be eligible for asylum and withholding of removal, Petitioner must show persecution "on account of one of five protected statutory grounds: race, religion,

nationality, political opinion, or membership in a particular social group." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). The BIA affirmed the IJ's finding that no nexus existed between the attack against Petitioner and a protected ground. Petitioner fails to challenge this dispositive finding in the opening brief, resorting to conclusory allegations without record citations. Petitioner also articulates for the first time on appeal two new particular social groups. We cannot consider these unexhausted arguments. *Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).

Petitioner likewise fails to challenge the IJ's adverse credibility finding and instead incorrectly states that the BIA did not make such a finding. An adverse credibility finding can be a dispositive ground for denying asylum and withholding of removal. *See Rodriguez-Ramirez v. Garland*, 11 F.4th 1091, 1094 (9th Cir. 2021) (per curiam). Substantial evidence supports the agency's adverse credibility determination. *See Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022) (citing *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021)).

2.      Even if the challenges were not waived, Petitioner's arguments fail on the merits. Eligibility for asylum requires Petitioner to show (1) that her protected characteristics are "one central reason" for past or feared future persecution, *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023) (quoting 8 U.S.C. § 1158(b)(1)(B)(i)), and (2) that the persecution "is committed by the

government or forces the government is either unable or unwilling to control," *Doe v. Holder*, 736 F.3d 871, 877–78 (9th Cir. 2013) (internal quotation marks omitted).

Substantial evidence supports the conclusions that Petitioner failed to demonstrate either element. Because Petitioner's assailant demanded money from Petitioner and punched her after she refused, the BIA properly concluded that he was motivated by pecuniary gain or retaliatory intent. *See Rodriguez-Zuniga*, 69 F.4th at 1019–22. Nothing in the record indicates any nexus between the attack and Petitioner's identity as an indigenous Guatemalan woman. In addition, the IJ determined that the police report tended to refute the authorities' unwillingness or inability to assist Petitioner, especially when she failed to provide any identifying details about the assailant. Neither Petitioner's bare assertions to the contrary, nor generalized statements about Guatemalan criminal organizations, compel us to disagree. We therefore uphold the denial of asylum.

Because the IJ found no nexus at all, we "dr[aw] no distinction between the 'one central reason' phrase in the asylum statute and the 'a reason' phrase in the withholding statute." *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). The same reasons stated above lead us to uphold the denial of withholding of removal.

3. We also discern no error in the BIA's denial of CAT protection.

Eligibility for CAT protection requires Petitioner to demonstrate that she will more likely than not be tortured upon removal, based on a "*particularized threat* of torture . . . inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) (internal quotation marks omitted).

Petitioner's opening brief does not contest the IJ's finding that she has not suffered past torture and thus waives that issue. Petitioner instead asserts without record citations that she "faces a grave danger of torture" upon removal. Substantial evidence supports the IJ's conclusion to the contrary. Petitioner's claimed fear of torture stems from an isolated incident of attack by a private individual, and her interactions with the police show no indication that the Guatemalan government would engage in or acquiesce to her torture. While Petitioner relies on reports and articles about violence against women in Guatemala, such "[g]eneralized evidence of violence and crime is insufficient to establish a likelihood of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023).

**PETITION DENIED.**